IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARINE TAWAH                          :

    v.                                : Civil Action No. DKC 24-3469

KRISTI NOEM, Secretary,               :
United States Department of
Homeland Security, et al.             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this asylum application case is the motion to dismiss, or in the alternative, motion for summary judgment filed by Defendants Kristi Noem, Attorney General of the United States, Angelica Alfonso-Royals, Acting Director, United States Citizenship and Immigration Services, Kelly O. Hayes, United States Attorney for Maryland, Pamela Bondi, Attorney General of the United States, and Antonio Donis, Director, Arlington Asylum Office (collectively, "Defendants").[1]  (ECF No. 3).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, Defendants' motion will be granted.

---

[1] All of the originally named defendants have been automatically replaced pursuant to Fed. R. Civ. P. 25(d) which states "when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending," the "officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name."

**I.   Background**

   **A.   Factual Background**

The following facts are alleged in the complaint. (ECF No. 1). Plaintiff Carine Tawah ("Plaintiff") filed a Form I-589, Application for Asylum and for Withholding of Removal ("I-589"), with the Arlington Asylum Office on August 7, 2020 (ECF No. 1 ¶ 2). On the same day, the United States Citizenship and Immigration Services ("USCIS") accepted Plaintiff's application. (*Id.*). Plaintiff complied with all of USCIS's subsequent requests related to her application and inquired several times regarding the status of her I-589. To date Plaintiff's application remains pending with no estimated adjudication date. (*Id.* ¶ 18).

   **B.   Procedural Background**

On October 26, 2023, Plaintiff filed civil action 23-cv-02920 ("*Tawah I*") in the United States District Court for the District of Maryland, alleging that Defendants unreasonably delayed the adjudication of her asylum application in violation of the Mandamus Act, 28 U.S.C. §§ 1361, 1651, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555, 701, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. § 2412. (ECF No. 3-4 ¶¶ 1, 8). Defendants moved to dismiss Plaintiff's complaint for lack of jurisdiction and

failure to state a claim, or in the alternative, for summary judgment on April 8, 2024. (ECF No. 3-5, at 2). On May 14, 2024, the Honorable Timothy J. Sullivan granted Defendants' motion, construed as a motion to dismiss, finding that the District Court lacked subject matter jurisdiction to hear Plaintiff's claims under the Mandamus Act and the APA.[2] (ECF No. 3-5, at 5-6). Judge Sullivan alternatively held that Plaintiff failed to state a claim under the APA because the adjudication of her asylum application was not unreasonably delayed. (*Id*. at 7-9).

Plaintiff filed the present complaint on November 26, 2024. (ECF No. 1). On February 10, 2025, Defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment, arguing that collateral estoppel bars Plaintiff from relitigating the same issue of subject matter jurisdiction, that the court lacks subject matter jurisdiction over Plaintiff's Mandumus Act claim and APA claim, and that even if the court adjudicated Plaintiff's claims on the merits, "Plaintiff's application has not been unreasonably delayed." (ECF No. 3-1, at 12-25). Plaintiff did not respond to Defendants' motion.

---

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to have Judge Sullivan conduct all proceedings in matter 23-cv-02920-TJS. (ECF No. 3-5, at 2).

**II. Standard of Review**

Defendants' motion is based on a variety of grounds, one of which, collateral estoppel, is an affirmative defense. An affirmative defense may be raised by way of a motion to dismiss, but only when all the facts necessary to the affirmative defense "'clearly appear[ ] on the face of the complaint.'" *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). Here, Defendants refer to material beyond the face of the complaint and, while it might be possible to consider evidence that can be judicially noticed without converting the motion to one for summary judgment, *see Faulkenberry v. U.S. Department of Defense*, 670 F.Supp.3d 234, 249 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)), it is also permissible to use the alternate summary judgment standard.

Summary judgment may be entered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

(1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed.R.Civ.P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249–50 (citation modified). At the same time, the facts that are presented must be construed in the light most favorable to the party opposing the motion. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett*, 532 F.3d at 297.

**III. Analysis**

    **A. Res Judicata**

The doctrine of *res judicata* encompasses "two distinct doctrines regarding the preclusive effect of prior litigation . . . [t]he first is issue preclusion (sometimes called collateral estoppel)" and "[t]he second doctrine is claim preclusion . . . ."

5

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411-412 (2020).

Collateral estoppel "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Id.* at 411 (quoting *Allen v. McCurry*, 449 U.S. 90, 94, (1980)). For collateral estoppel to bar litigation of an issue:

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

*In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004.

All five elements are satisfied here. The issue of subject matter jurisdiction in the instant action is identical to the issue presented and decided in *Tawah I*. Both actions arise out of the same application for asylum and describe the same alleged violations of the Mandamus Act and APA and Plaintiff does not allege any new facts or legal theories to support her claims. The issue was actually resolved because the court held that it did not have subject matter jurisdiction over Plaintiff's claims and the

6

issue was critical and necessary to the judgment because it was the primary basis for dismissal. The court's May 14, 2024, memorandum opinion and order constituted a final and valid judgment for purposes of collateral estoppel. Judgment was entered against Plaintiff on May 14, 2024, when the court dismissed her claims without prejudice. The court directed the Clerk to close the case, thus dismissing the "action . . . in its entirety." This constitutes a final and appealable judgment. *Bing v. Brivo Sys., LLC,* 959 F.3d 605, 609 (4th Cir. 2020) (citing *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 345 (4th Cir. 2005) and *Domino Sugar Corp. v. Sugar Workers Loc. Union 392*, 10 F.3d 1064, 1067 (4th Cir. 1993)). Finally, Plaintiff had a full and fair opportunity to litigate the issue of subject matter jurisdiction in the previous suit. She was represented by counsel and, while she did not file a response to the motion to dismiss, she could have. After the dismissal of *Tawah I*, Plaintiff had the opportunity to appeal but did not.

Accordingly, collateral estoppel precludes the relitigation of subject matter jurisdiction.

B.  **Lack of Jurisdiction**

Alternatively, Plaintiff has not alleged any new facts in the instant complaint and the court still lacks subject matter jurisdiction over Plaintiff's claims.

1.  **Mandamus Claim**

As explained in *Tawah I*,

> Under the Mandamus Act, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The extraordinary remedy of mandamus should be issued "only if [the plaintiff] has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The party seeking mandamus relief bears the heavy burden to show that (1) the petitioner has a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available. *See Asare v. Ferro*, 999 F. Supp. 657, 659 (D.Md. 1998); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). Mandamus can be used only to compel ministerial acts of federal government officers, not discretionary duties. *Asare*, 999 F. Supp. at 659; *see also Meyers v. U.S. Dist. Ct. for Dist. of Maryland Baltimore Div.*, No. DKC-23-3015, 2024 WL 493268, at *2 (D.Md. Feb. 8, 2024) ("A ministerial act is one in which the law prescribes and defines a duty to be performed

> with such precision as to leave nothing to the exercise of discretion or judgment.").

(ECF No. 3-5, at 5-6). There is no private right of action available if USCIS does not complete an asylum application within 180 days of filing. *See* 8 U.S.C. § 1158(d)(5)(A)(iii) and (d)(7). The time which USCIS takes is discretionary. *See Tangmoh v. Majorkas*, JMC-21-02792, 2022 WL 1538627, at *3 (D.Md. May 16, 2022) (quoting *Daniel v. Mayorkas*, 2021 WL 4355355, at *3 (E.D. Va. Sept. 23, 2021)); *see also Polfliet v. Cuccinelli*, 955 F.3d 377, 382 (4th Cir. 2020) ("A statute need not literally contain the word 'discretion' in order to 'specify' discretion"). Accordingly, the court lacks subject matter jurisdiction over Plaintiff's mandamus claim.

### 2. APA Claim

The court lacks subject matter jurisdiction over Plaintiff's APA claim. As explained in *Tawah I*,

> The APA permits courts to compel an agency action if it is "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365 (4th Cir. Jan. 14, 2021). To state a cause of action under the APA, a party must point to a specific provision within the APA authorizing judicial review of the relevant agency's action. *See NAACP v. Bureau of the Census*, 945 F.3d 183, 191 (4th Cir. 2019). Absent such a provision, courts lack jurisdiction to review agency actions. *Id.* (finding that failure to identify

> agency actions eligible for judicial review under the APA is a "jurisdictional defect"). Under § 701(a) of the APA, judicial review is precluded if the agency action is discretionary. 5 U.S.C. § 701(a); *Noumbissie*, 2023 WL 8600510, at *2. "[W]here an agency is *not required* to do something, [a court] cannot compel the agency to act—let alone to act faster." *Gonzalez*, 985 F.3d at 366 (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 n.1 (2004)). Here, "the timeframe for adjudicating asylum applications is discretionary, as the relevant statutes do not provide a specific timeframe in which applications should be adjudicated." *Noumbissie*, 2023 WL 8600510, at *2. There is no mandatory statute that specifies enforcement timelines for asylum applications. *See id.* As stated above, the 180-day requirement for USCIS to adjudicate asylum applications is discretionary.

(ECF No. 3-5, at 5). Because the statutory timeframe is still discretionary, the APA still does not authorize judicial review of asylum application adjudications even when pending more than 180 days, and the court still lacks jurisdiction to review Plaintiff's APA claim.

## IV. Conclusion

For the foregoing reasons, Defendants' motion will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
